979 P.2d 850 (1999)
138 Wash.2d 460
STATE of Washington, Petitioner,
v.
Charles Fidel WADE, Respondent.
No. 67459-1.
Supreme Court of Washington.
Considered May 5, 1999.
Decided July 8, 1999.
*851 John Ladenburg, Pierce County Prosecutor, Kathleen Proctor, Deputy, Tacoma, for Petitioner.
Patricia Pethick, Tacoma, for Respondent.
PER CURIAM.
The State seeks review of a Court of Appeals decision reversing Charles Fidel Wade's juvenile conviction for possession of a controlled substance with intent to deliver. At issue is whether the Court of Appeals erred by reversing the trial court's admission of evidence under ER 404(b), where the appellate court did not have before it the report of proceedings from the trial court's evidentiary hearing.

FACTS
At around 3 p.m. on February 9, 1997, Tacoma Police Officer Joe Mettler was patrolling the Hilltop neighborhood in Tacoma. Mettler was driving southbound on "M" Street near 23 rd Street when he observed Wade talking with the occupants of a white Chevrolet van. Wade moved away without making any exchanges with the van's occupants. Mettler followed Wade and attempted to contact him. Refusing to talk to Mettler, Wade walked away. Mettler saw a small object fall to the ground as Wade fumbled with either his coat pocket or pants pocket. When Wade ran away, Mettler recovered the item, which proved to be a baggy containing nine rocks of cocaine. Wade was apprehended and charged under RCW 69.50.401(a)(1)(i) with one count of possession with the intent to deliver.
On February 25, 1997, the State filed a motion in limine, pursuant to ER 404(b), seeking admission of Wade's "prior similar drug dealing activity to establish respondent's intent, not disposition, with respect to the instant charges of possession of cocaine with intent to deliver." Clerk's Papers (CP) at 3. Wade filed a response on April 10, 1997. Following the hearing on the motion, the court ruled orally that evidence of Wade's prior drug dealing activity was admissible to show intent, an essential element of the crime charged. At the beginning of trial on May 8, 1997, Wade renewed his objection to the admissibility of his prior drug dealing activity, and the trial court adhered to its previous ruling. The trial court granted Wade a standing objection to all ER 404(b) evidence.
*852 Wade's two prior acts of drug dealing occurred October 1995 and April 1996 in the same Hilltop neighborhood and involved similar amounts of crack cocaine. Whereas in the prior incidents Wade was seen delivering the drugs, in the present case no transaction was completed. For the prior acts, Wade was convicted of possession of a controlled substance with intent to deliver.
At trial, the State called six witnesses. Wade rested at the close of the State's case, calling no witnesses. The court found Wade guilty as charged. In its findings of fact, the court identified the evidence supporting the allegation that Wade intended to deliver cocaine: Wade had denied using crack and possessed no drug use paraphernalia at the time of his arrest; the Hilltop area was known for narcotics trafficking; and Wade's prior acts of drug dealing occurred near the present incident and involved the same type of drug. The court stated that it considered the evidence of the prior acts "solely on the issue of [Wade's] intent to deliver in the instant case." CP at 3-4. On May 22, 1997, Wade was given a standard range sentence of 52-65 weeks.
Wade appealed, and the Court of Appeals reversed, holding that the prior convictions were inadmissible, that the error was not harmless, and that the remaining evidence could not support a finding of guilt on the intent to deliver charge. Concluding that Wade was nonetheless guilty of possession, the Court of Appeals remanded the case for a new disposition hearing. The State petitioned this court for review. We now reverse and remand to the Court of Appeals for proceedings consistent with this decision.

ISSUE
Did the Court of Appeals err by reversing the trial court's admission of evidence under ER 404(b), where the appellate court did not have before it the report of proceedings from the evidentiary hearing?

ANALYSIS
Under ER 404(b), evidence of prior bad acts is not admissible as character evidence, but "[i]t may ... be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." When assessing the admissibility of evidence under this rule, the trial court must follow the test set forth in State v. Saltarelli, 98 Wash.2d 358, 655 P.2d 697 (1982). The court must determine the purpose of the evidence, find the evidence to be materially relevant, and balance its probative value against the potential for unfair prejudice. Id. at 362, 655 P.2d 697. Where the purpose for presenting the evidence is to show intent, the prior acts must demonstrate more than a general propensity to commit the charged offense. Id. at 364-65, 655 P.2d 697. Moreover, the trial court must define the purpose of the evidence and perform the balancing test on the record. State v. Jackson, 102 Wash.2d 689, 693-94, 689 P.2d 76 (1984).
A trial court's admission of evidence is reviewed for an abuse of discretion. State v. Lane, 125 Wash.2d 825, 831, 889 P.2d 929 (1995). A court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. State ex rel. Carroll v. Junker, 79 Wash.2d 12, 482 P.2d 775 (1971). A trial court's judgment is presumed to be correct and should be sustained absent an affirmative showing of error. Smith v. Shannon, 100 Wash.2d 26, 35, 666 P.2d 351 (1993); Mattice v. Dunden, 193 Wash. 447, 450, 75 P.2d 1014 (1938).
Here, the trial court admitted evidence of Wade's prior drug dealing activity to prove his intent in the present incident to sell the nine rocks of cocaine found in his possession. The Court of Appeals reversed, finding that the trial court had abused its discretion in admitting that evidence. The State contends that the Court of Appeals could not have fairly assessed how the trial court exercised its discretion because Wade failed to provide the Court of Appeals with the verbatim report of proceedings for the ER 404(b) hearing. The appellate rules provide that "[a] party should arrange for the transcription of all those portions of the verbatim report of proceedings necessary to present the issues raised on review." RAP 9.2(b). Because Wade was presenting the issue for review, he had the burden of providing *853 the record of the evidentiary hearing. Id.; Allemeier v. University of Washington, 42 Wash.App. 465, 472-73, 712 P.2d 306, (1985), review denied, 105 Wash.2d 1014 (1986). Thus, in the State's view, Wade's failure to provide the necessary report of proceedings left the Court of Appeals with no means for reviewing the trial court's application of the Saltarelli test.
Wade argues that the record he provided on review was adequate to show the trial court's reasoning because it included his renewed motion in opposition to the admission of ER 404(b) evidence, the State's closing argument, and the trial court's final decision. The argument is not persuasive. In response to Wade's renewed motion, the trial court mainly explained that it adhered to its prior ruling. And although the prior acts were cited as evidence in the State's closing argument and the court's final decision, those allusions are no substitute for the trial court's reasoning in admitting the evidence. Finally, the Court of Appeals itself did not suggest it found those portions of the record sufficient. Instead, having acknowledged that "the record [was] silent as to how the trial court related Wade's prior acts to intent," the court went on to infer the trial court's analysis "from the silent record." State v. Wade, 92 Wash.App. 885, 893, 966 P.2d 384 (1998) (emphasis added).
We agree with the State's position that the Court of Appeals, lacking an adequate record, had two choices. It could have required supplementation of the deficient record, pursuant to RAP 9.10, or it could have declined to consider the ER 404(b) issue. RAP 9.10 provides that, "[i]f a party has made a good faith effort to provide those portions of the record required by rule 9.2(b), the appellate court will not ordinarily dismiss a review proceeding or affirm, reverse, or modify a trial court decision." The rule permits the appellate court, in its discretion, to order supplementation of the record. Further, as a condition of the supplementation, the court may impose sanctions, as permitted in RAP 18.9(a), for a party's failure to comply with RAP 9.2(b). Although RAP 9.10 gives the appellate court the authority to order supplementation of the record, it plainly does not impose "a mandatory obligation" to do so. Heilman v. Wentworth, 18 Wash.App. 751, 754, 571 P.2d 963 (1977), review denied, 90 Wash.2d 1004 (1978). An appellate court may decline to address a claimed error when faced with a material omission in the record. See, e.g., American Oil Co. v. Columbia Oil Co., 88 Wash.2d 835, 842-43, 567 P.2d 637 (1977) (declining to consider alleged error where party made no effort to remedy critical gap in transcript of proceedings); In re Marriage of Ochsner, 47 Wash.App. 520, 528, 736 P.2d 292 (refusing to consider trial court's denial of attorney fees because record did not include report of proceedings for separate hearing held on that issue), review denied, 108 Wash.2d 1027 (1987); State v. Detrick, 90 Wash.App. 939, 941 n. 1, 954 P.2d 949 (1998) (refusing to review claimed error in denying motion to sever where motion was not included in record); State v. Garcia, 45 Wash.App. 132, 140, 724 P.2d 412 (1986) (declining to address ineffective assistance claim where appellant failed to provide relevant record or photograph to which counsel allegedly should have objected).

CONCLUSION
Without the record of the ER 404(b) hearing (which appellant Wade should have supplied), the Court of Appeals could not properly determine whether the trial court's exercise of discretion was manifestly unreasonable or based on untenable grounds. The Court of Appeals is thus reversed and the matter is remanded. On remand, the Court of Appeals may either order supplementation of the record and reconsider its decision in light of the complete record, or it may decline to consider Wade's ER 404(b) claim.