# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | DIVISION ONE |
| Respondent, | ) | No. 69393-0-I |
| v. | ) | UNPUBLISHED OPINION |
| KERO RIINY GIIR, | ) | |
| Appellant. | ) | FILED: April 28, 2014 |

2014 APR 28 AM 9:11
COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

DWYER, J. — Kero Giir pleaded guilty to murder in the first degree and assault in the third degree. On this, his fourth appeal, Giir contends that the trial court erred by imposing a community custody condition that directed mental health evaluation and treatment. This is so, he asserts, because a sentencing report prepared by the Department of Corrections (DOC) after his second appeal does not qualify as a presentence report. In his statement of additional grounds, Giir also asks this court to remand for reconsideration of his request for an exceptional sentence downward. We reject both contentions and affirm.

I

In 2007, Giir pleaded guilty to murder in the first degree and assault in the third degree, after stabbing his girl friend to death and cutting a bystander who attempted to stop him. At Giir's initial sentencing hearing, Giir requested an

exceptional sentence below the standard range. The trial court denied Giir's request and imposed a standard range sentence.

The trial court sentenced Giir to 300 months in custody for the murder conviction and 8 months in custody for the assault conviction, to be served concurrently. The trial court also imposed 24 to 48 months of community custody and, as a condition thereof, ordered Giir to obtain a mental health evaluation and follow treatment recommendations. Giir appealed. In an unpublished opinion, we held that the trial court had erred by not making findings as to whether Giir was a mentally ill person and that his condition likely influenced his offenses, as required by statute. State v. Giir, noted at 153 Wn. App. 1015, 2009 WL 4024840, at *1 (2009) (Giir I). We remanded for further proceedings related to the imposition of the community custody condition. Giir I, 2009 WL 4024840, at *5.

On April 23, 2010, the trial court entered a sentence modification, again imposing mental health evaluation and treatment as a condition of community custody. Giir appealed. We again held that the trial court had erred by imposing the condition, this time because DOC had not prepared a statutorily-required presentence report. State v. Giir, noted at 160 Wn. App. 1026, 2011 WL 768839, at *2 (2011) (Giir II). We reversed the condition and remanded. Giir II, 2011 WL 768839, at *4.

Upon remand, the trial court ordered DOC to prepare a presentence report. The trial court's order was entered on March 22, 2011. DOC submitted its presentence investigation report on July 28, 2011. On August 16, 2011, the

trial court issued Appendix F, entitled "Additional Conditions of Sentence." Because the trial court had not held a sentencing hearing before issuing the conditions, Giir appealed for the third time. This appeal was dismissed as moot after the trial court struck Appendix F.

On September 19, 2012, the trial court held its final sentencing hearing. The DOC employee who had prepared the presentence report testified at this hearing. At the conclusion of the hearing, the trial court stated, "I would be remiss as a trial judge not to order some type of mental health treatment which this man so desperately needs." The trial court once again imposed mental health evaluation and treatment as a term of community custody. In its order, filed on September 19, 2012, the trial court held,

> This condition of sentence is based on the Department of Corrections report, the evaluations conducted by Dr. Wheeler and Dr. Kriegler, as well as the presentence reports submitted by both counsel. The Court additionally orders this condition because it finds, based on the same, that the defendant is a mentally ill person as defined in RCW 71.24.025 and that this condition is likely to have influenced the underlying offense.

Giir once again appeals.

## II

Giir contends that the trial court erred by ordering a mental health condition of community custody, because the trial court did not have the benefit of a DOC presentence report when it imposed the condition. This is so, he asserts, because the presentence report must be written before any sentencing hearing occurs, which in this case was 2007. Giir argues, in the alternative, that

the 2012 hearing was not a "resentencing" hearing. Giir's contentions are not well taken.

Where a trial court determines that mental health evaluation and treatment may be a desired condition of community custody, the trial court must order DOC to complete a presentence report before imposing such a condition. Former RCW 9.94A.500(1) (2006). If a trial court imposes mental health conditions without considering a DOC presentence report, it errs. State v. Lopez, 142 Wn. App. 341, 353-54, 174 P.3d 1216 (2007).

Giir contends that the trial court did not have the benefit of a DOC presentence report when it imposed a mental health condition in 2012 because only a report filed before the 2007 hearing would qualify as a "presentence report." Giir's assertion simply has no basis in law. A final sentence can be rendered in more than one sentencing hearing. State v. Kilgore, 167 Wn.2d 28, 37, 216 P.3d 393 (2009) ("'[T]he finality of that portion of the judgment and sentence that was correct and valid at the time it was pronounced' is unaffected by the reversal of one or more counts." (quoting In re Pers. Restraint of Carle, 93 Wn.2d 31, 34, 604 P.2d 1293 (1980))); accord State v. Rowland, 160 Wn. App. 316, 331, 249 P.3d 635 (2011) aff'd, 174 Wn.2d 150, 272 P.3d 242 (2012) ("Unlike the exceptional sentence (which we authorized the resentencing court to leave intact in Rowland II), Rowland's standard range sentence was not final."). Any event that occurs prior to the relevant final sentencing decision is a "prior" event with respect to that decision. Cf. State v. Collicott, 118 Wn.2d 649, 664-65, 827 P.2d 263 (1992) (holding that a conviction entered before the date of

resentencing, although entered after the date of the initial sentencing, was a "prior conviction" for purposes of calculating an offender score). Thus, a report prepared before the hearing at which the relevant, final sentencing decision is made qualifies as a "presentence report."

When we reversed and remanded Giir's condition of community custody, that portion of Giir's sentence was not yet final. The sentencing hearing at which the relevant, final condition of community custody was entered occurred on September 19, 2012. Any report submitted before that date that related to the not-yet-imposed condition thus qualified as a "presentence report." DOC submitted its report on July 28, 2011. Accordingly, the trial court had the benefit of a DOC "presentence report" when it imposed the mental health condition of community custody.

Giir's alternative contention, that the 2012 hearing was not a "resentencing," also lacks merit. Giir correctly asserts that "[t]he trial court's discretion to resentence on remand is limited by the scope of the appellate court's mandate." Kilgore, 167 Wn.2d at 42. However, when an appeals court gives an "open ended" mandate on remand, the trial court may exercise its discretion to consider resentencing. Kilgore, 167 Wn.2d at 42.

In reversing the mental health condition of Giir's community custody on his second appeal, we stated, "Because the trial court did not order the statutorily-required presentence report prepared by the DOC and did not rely on such a report in ordering Giir to undergo mental status evaluation and treatment, we reverse this condition of community custody and remand." Giir II, 2011 WL

768839, at *4. We did not provide specific instructions to the trial court. Without specific instructions, the trial court had the discretion to consider resentencing Giir with respect to that condition. When the trial court herein exercised its discretion, its reconsideration of Giir's condition of community custody was necessarily a "resentencing."

The trial court did not err by imposing a mental health condition on Giir's community custody.

### III

In his statement of additional grounds, Giir asks us to remand his sentence in order for the trial court to reconsider his request for an exceptional sentence below the standard range. A party who seeks review of the trial court's decision has the burden to provide a record adequate to establish the errors claimed. State v. Wade, 138 Wn.2d 460, 464, 979 P.2d 850 (1999). An "insufficient record on appeal precludes review of the alleged errors." Bulzomi v. Dep't of Labor & Indus., 72 Wn. App. 522, 525, 864 P.2d 996 (1994). Absent an affirmative showing of error, the trial court's judgment is presumed to be correct. Wade, 138 Wn.2d at 464.

Giir has not provided any record pertaining to the trial court's decision to impose a standard range sentence. With no record from which to review Giir's claim of error, we must presume that the trial court did not err by imposing a standard range sentence. We therefore affirm Giir's standard range sentence.

Affirmed.

We concur:

Spearman, C.J.

Cox, J.