IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | |
|---|---|
| In the Matter of the Marriage of | No.  49862-6-II |
| MEIKA E. MAGEE, | |
| Respondent, | |
| and | |
| JAMES H. MAGEE, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, J. — James H. MaGee appeals the final order in the dissolution of his marriage to Meika E. MaGee.  He argues that substantial evidence does not support the trial court's findings that he had two defined benefit pension plans and that he had a defined benefit pension plan valued at $447,312.  He also argues that the trial court erred when it denied his second reconsideration motion.  Because James[1] fails to meet his burden, we affirm.

---

[1] We use first names to avoid confusion.

FACTS

I. PROCEDURAL FACTS

In August 2015, Meika filed a petition for dissolution of her marriage to James. The petition requested a fair and equitable division of the parties' debts and liabilities. On October 3, 2016, after a bench trial, the trial court entered "Findings of Fact Regarding Assets and Debts" and issued an oral ruling.

James filed his first motion for reconsideration. On December 13, the trial court issued a "letter to supplement the Court's oral ruling on October 3, 2016, and the subsequent hearing on Motion for Reconsideration." Clerk's Papers (CP) at 41.

On December 16, the trial court entered a "Final Divorce Order (Dissolution Decree) (DCD)" and "Findings and Conclusions About a Marriage," which incorporated by reference the trial court's previous written and oral findings. On December 27, James filed a second motion for reconsideration on "Factual Error Concerning Defined Benefit Plan." The trial court denied the second reconsideration motion. James filed a notice of appeal of the "Final Divorce Order (Dissolution Decree)."

II. TRIAL

At trial, James presented evidence regarding the Law Offices of James MaGee Pension Plan (Defined Benefit Plan) and a Massachusetts Mutual Life Insurance Company (Mass Mutual) retirement account for plan number ***076.

## A. EVIDENCE REGARDING DEFINED BENEFIT PLAN

During trial, James's proposed asset and debt division included the Law Offices of James MaGee Pension Plan (Defined Benefit Plan) with a listed value of $447,312. Nichole LaFerriere,[2] a senior pension administrator at Farmer & Betts, testified that James started his Law Offices of James MaGee Pension Plan (Defined Benefit Plan) with plan number 002 in 2010. LaFerriere stated that the defined benefit plan would fully vest at the end of 2015. LaFerriere also testified regarding exhibit 462, which contained James's defined benefit plan "participant statement" prepared by Farmer & Betts and showed that the present value of accrued benefits for the defined benefit plan was $447,312 at the end of 2014. The present value of accrued benefits is different than the "present cash value of the" defined benefit plan, and LaFerriere did not know the present cash value of the plan. Verbatim Report of Proceedings at 19-20.

## B. EVIDENCE REGARDING MASS MUTUAL ACCOUNT

During James's testimony, the trial court admitted exhibit 458, which is a collection of Mass Mutual retirement account statements from 2013 to 2016 for the Law Offices of James H. MaGee Plan with plan number ***076. The Mass Mutual account value was $285,726.50 as of March 31, 2016. A 2013 account statement provided that the account was 100 percent vested at that time. Each account statement contained a note stating, "Your employer and third party administrator are responsible for the vesting information on this statement." Ex. 458.

---

[2] Nichole LaFerriere is also known as Nichole Zeiler.

### III. FINDINGS OF FACT, CONCLUSIONS OF LAW, AND FINAL ORDER

The trial court entered findings of fact regarding the distribution of the parties' assets. The trial court incorporated into its findings of fact "Exhibit A," which was a spreadsheet that identified various assets, their fair market value, and the portion of each asset that would be distributed to James and Meika. The spreadsheet contained entries for a Mass Mutual Account ***076 containing $212,088 in community property and $73,638 in separate property (for a total value of $285,726), and the Law Offices of James MaGee Pension Plan (Defined Benefit Plan) valued at $447,312 in community property.[3] The trial court also incorporated by reference into its written findings the October 3 oral ruling. This oral ruling is not designated in our record.

The final order contained the following:

9.  **Husband's/Respondent's Personal Property**
    The personal property listed below is awarded to the Respondent/Husband as his separate property:
    . . . .
    K.  Except as otherwise provided, all pension, IRA, Roth IRA, 401(k), and other retirement accounts in the husband's name, specifically including, but not limited to, Massachusetts Mutual retirement account x[x]076, Law Offices of James MaGee Pension Plan.

CP at 63-64.

The trial court found that "[t]he division of separate personal property described in the final order is fair (just and equitable)." CP at 77. In addition, the trial court found that "[t]he division of community personal property described in the final order is fair (just and equitable)." CP at 76.

---

[3] The October 3 written findings and December 13 letter, incorporated by reference into the findings of fact issued with the final order, contained substantially identical spreadsheets reflecting these two assets and the same respective values.

## IV. SECOND MOTION FOR RECONSIDERATION

James's second motion for reconsideration stated that the trial court correctly determined that "Mass Mutual [plan number] ***076, Exhibit 458" has a total value of $285,726, with $212,088 identified as community property and $73,638 identified as separate property. CP at 487 (some capitalization omitted). But according to James, the trial court erroneously duplicated this asset when it entered the "Law Offices of James MaGee Pension Plan (Defined Benefit Plan)" and listed its value of $447,312. According to James, the Mass Mutual plan number ***076 evidenced from exhibit 458 was the same account as that described by the Farmer & Betts participant statement in exhibit 462, and the Mass Mutual account showed the present cash value whereas Farmer & Betts showed the benefit's projected value. According to James, because this nonexistent, erroneously duplicated asset of $447,312 was counted in James's distribution of assets, Meika received an unfair share of assets to compensate.

To support his motion for reconsideration, James attached the declaration of Zeiler (LaFerriere) and "Declaration of James H. MaGee In Support of Motion for Reconsideration RE: Farmers & Betts/Mass Mutual Account #076." In relevant part, LaFerriere's declaration stated that

> [e]xhibits 458 and exhibit 462 are the same defined benefit pension xx[x]076. Exhibit 462 shows the present value of the vested accrued benefit's [sic] for James Ma[G]ee personally of $447,312. . . . This is a projection by Farmer & Betts of Mr. Ma[G]ee's plan benefit if the funding continued at the rate of the benefit value at age 62. There are not actual funds of $447,312. There are funds as of 3/31/16 of $285,726.50.

CP at 55. James's declaration stated that the Mass Mutual plan number "[***]076 hold[s] the defined benefit pension," and "Farmer & Betts is not a custodian of any financial accounts; Farmer[ ] and Betts just provides actuarial and administrative services." CP at 51. The account

reflected in the participant statement prepared by Farmer & Betts is "not a statement of assets held by Farmer[ ] and Betts . . . as any custodian." CP at 51. "Farmer[ ] and Betts prepared an annual participant statement representing plan accrued benefits . . . and does not represent any assets distinct from what is contained in Mass Mutual account #[***]076." CP at 51.

The trial court denied the motion for reconsideration. James filed a notice of appeal of the Final Divorce Order (Dissolution Decree).

## ANALYSIS

The party presenting an issue for review has the burden of providing an adequate record to establish the asserted error. RAP 9.2(b); *State v. Sisouvanh*, 175 Wn.2d 607, 619, 290 P.3d 942 (2012); *In re Marriage of Haugh*, 58 Wn. App. 1, 6, 790 P.2d 1266 (1990). "We may [] 'decline to address a claimed error when faced with a material omission in the record.'" *Sisouvanh*, 175 Wn.2d at 619 (quoting *State v. Wade*, 138 Wn.2d 460, 465, 979 P.2d 850 (1999)). Alternately, "we may [] affirm the challenged decision if the incomplete record before us is sufficient to support the decision or at least fails to affirmatively establish an abuse of discretion." *Sisouvanh*, 175 Wn.2d at 619.

### I. SUBSTANTIAL EVIDENCE

James argues that substantial evidence does not "support[] the trial court's findings that there are two separate defined benefit pension plans" and substantial evidence does not support that a defined benefit pension plan valued at $447,312 existed. Br. of Appellant at 10. James provides a single assignment of error that "[t]he trial court erred in allocating to [James] a $447,312 asset that did not exist." Br. of Appellant at 6. We reject James's arguments.

James failed to designate on appeal potentially important portions of the trial evidence and the trial court's ruling. James failed to designate his testimony regarding exhibit 458, but the record contains the clerk's minutes of proceeding providing that James introduced exhibit 458 during his testimony. Exhibit 458 is evidence of an asset at issue here and described as "Law Office of James MaGee Mass Mutual #***076." James also failed to designate the trial court's oral ruling issued on October 3, 2016 that is *incorporated by reference* into the trial court's written findings of fact and conclusions of law.

Based on this record, we are unable to determine whether substantial evidence supports the trial court's findings of fact for at least two reasons. One, we do not have all the trial evidence in our record, and second we do not have the trial court's oral ruling that was incorporated into its written findings. Thus, we do not know what evidence was presented at trial, what facts the trial court found based on that evidence, which facts are verities on appeal, and whether those facts constitute substantial evidence to support the trial court's conclusions. James, appellant herein, chose to provide only limited portions of the trial transcripts, not even designating his own testimony regarding an asset at issue in our record. James has failed to sustain his burden to provide an adequate record for review of the issues. RAP 9.2(b); *Sisouvanh*, 175 Wn.2d at 619; *Haugh*, 58 Wn. App. at 6. We are limited to the record provided. *Sisouvanh*, 175 Wn.2d at 619. Thus, James's arguments fail. *See Sisouvanh*, 175 Wn.2d at 619.

## II. MOTION FOR RECONSIDERATION

According to James, the trial court abused its discretion when it denied James's second motion for reconsideration because the attached declarations provided "overwhelming evidence of error." Br. of Appellant at 14-15. For the same reasons, this argument also fails.

"Motions for reconsideration are addressed to the sound discretion of the trial court and will not be reversed absent a clear or manifest abuse of that discretion." *In re Marriage of Kinnan*, 131 Wn. App. 738, 753-54, 129 P.3d 807 (2006). The party presenting an issue for review has the burden of providing an adequate record to establish the asserted error. RAP 9.2(b); *Sisouvanh*, 175 Wn.2d at 619; *Haugh*, 58 Wn. App. at 6.

In addition to failing to designate some relevant trial evidence in the record and a portion of the trial court's ruling, James also failed to designate on appeal his first motion for reconsideration, the December 27 motion for reconsideration, hearing transcript, evidence, and oral ruling. Again, because the record is inadequate to address whether the trial court erred in denying his second motion for reconsideration, James's argument fails.

### III. ATTORNEY FEES AND APPELLATE COSTS

James and Meika request attorney fees under RCW 26.09.140. Under RCW 26.09.140, we are required to "consider[] the financial resources of both parties." *In re Marriage of Muhammad*, 153 Wn.2d 795, 807, 108 P.3d 779 (2005). "[E]ach party must serve upon the other and file a financial affidavit no later than 10 days prior to the date the case is set for . . . consideration on the merits." RAP 18.1(c). Because we did not receive the required financial affidavits, we deny the attorney fee requests under RCW 26.09.140.

In addition, Meika asserts that she is entitled to attorney fees under RCW 4.84.185. "In any civil action, [the trial] court may, upon a written finding that the action . . . was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the [prevailing party's] reasonable expenses, including [attorney fees] incurred in opposing such action." RCW 4.84.185. Meika asserts that James's appeal is meritless because his own evidence supports the existence of

No. 49862-6-II

the defined benefit plan valued at $447,312. We exercise our discretion and deny attorney fees under RCW 4.84.185.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

WORSWICK, P.J.

MELNICK, J.