# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>WILLIAM EDWARD MCGREW, II,<br><br>Appellant. | No.  52874-6-II<br><br><br>UNPUBLISHED OPINION |

SUTTON, A.C.J. — William McGrew appeals his judgment and sentence after the trial court authorized him to serve his sentence on electronic home monitoring (EHM) and imposed a $100 DNA collection fee and a $200 criminal filing fee.  For the first time on appeal, McGrew argues that (1) the trial court erred by conditioning EHM on his ability to pay for it because doing so violates the Sentencing Reform Act of 1981 (SRA),[1] (2) requiring that he serve time in jail because he did not have the ability to pay for EHM violates his right to equal protection, and (3) the trial court erred by imposing a $100 DNA collection fee and a $200 criminal filing fee.

Because McGrew failed to bring a motion for the State to pay for his EHM before the trial court, and the record does not contain any evidence that McGrew lacks the ability to pay for EHM, we hold that the SRA and equal protection issues are not properly before us on appeal, and we decline to reach the merits.  We also hold that the trial court erred by imposing a $100 DNA

---

[1] Ch. 9.94A RCW.

collection fee and a $200 criminal filing fee. Thus, we remand and order the trial court to strike the $100 DNA collection fee and the $200 criminal filing fee, amend the judgment and sentence accordingly, and lift the stay on McGrew's sentence.

FACTS

McGrew was found guilty by a jury of trafficking in stolen property in the first degree. With an offender score of one, the standard range was three to eight months. At the sentencing hearing, McGrew requested that he serve his sentence by EHM rather than in jail. McGrew wanted to serve his sentence by EHM because he had recently gained employment working 28 hours per week, which paid $12.50 per hour. McGrew provided the court with proof of employment. The State opposed EHM because it had not verified McGrew's employment, and McGrew had not contacted any EHM private monitoring agencies to set up EHM. The State also noted that McGrew's wages may not cover the cost of the EHM fees.

The court sentenced McGrew to five months confinement and authorized that he could serve his sentence through EHM because "[McGrew is] employed and jobs are not easy for people to get around here." Verbatim Report of Proceedings (VRP) (Nov. 30, 2018) at 406. The court went on to say, "And perhaps people in your circumstances, dealing with the criminal justice system, they're even harder to get, so I'd like to give you at least an opportunity to keep that job and/or get additional work." VRP (Nov. 30, 2018) at 406-07. It ordered McGrew to either report to jail or be hooked up to EHM by December 7, 2018. It also imposed legal financial obligations (LFOs), including a $100 DNA collection fee and a $200 criminal filing fee.

After the court granted McGrew's request for EHM, McGrew's counsel advised him that he would be required to pay the EHM fees starting the following month. McGrew never filed a motion asking the court to order the State to pay for EHM, there is no evidence in the record establishing the amount of the EHM fees, and McGrew never argued to the trial court that he could not afford to pay the EHM fees.

McGrew filed a motion to stay his sentence pending appeal, which motion the court granted. McGrew appeals his judgment and sentence.

## ANALYSIS

### I. EHM

For the first time on appeal, McGrew argues that he is unable to pay the cost of EHM, that the court improperly conditioned the EHM on his ability to pay, and that this violates the SRA and his right to equal protection. We decline to reach the merits of these issues for the reasons discussed below.

"The party presenting an issue for review has the burden of providing an adequate record to establish such error." *State v. Sisouvanh*, 175 Wn.2d 607, 619, 290 P.3d 942 (2012); RAP 9.2(b). "An appellate court may decline to address a claimed error when faced with a material omission in the record." *State v. Wade*, 138 Wn.2d 460, 465, 979 P.2d 850 (1999). And we may refuse to review any claim of error not first reviewed by the trial court. RAP 2.5(a).

Here, McGrew states that he could only benefit from EHM if he was able to afford it. However, McGrew never raised this issue with the trial court, and thus, the court did not rule on this issue. Therefore, there is no trial court error for us to review.

We also decline to decide these issues because the record is inadequate. There is no evidence in the record before us that shows that McGrew was unable to pay for EHM. There is nothing in the record that shows what the EHM costs would have been, whether the monitoring agency had payment plans he could have used to make it more affordable, or whether McGrew was denied EHM on that basis or even attempted to find out such information from the monitoring agency. There is nothing in the record to affirmatively show that McGrew lacked the ability to pay the EHM fees. It is McGrew's burden on appeal to provide an adequate record for review, and he failed to do so.

Because McGrew never raised this issue at the trial court and because the record is inadequate for our review, we decline to reach the SRA or the equal protection issues.

## II. LFOs

McGrew argues that the trial court erred by imposing a $100 DNA collection fee and a $200 criminal filing fee. The State concedes the error. We accept the State's concession and remand to the trial court with an order for the court to strike the $100 DNA collection fee and the $200 criminal filing fee and to amend the judgment and sentence accordingly.

## CONCLUSION

We decline to reach the merits of McGrew's SRA and equal protection claims. But we remand with an order for the trial court to strike the $100 DNA collection fee and the $200 criminal filing fee, amend the judgment and sentence accordingly, and lift the stay on McGrew's sentence.

No. 52874-6-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, A.C.J.

We concur:

GLASGOW, J.

CRUSER, J.