IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                Respondent,<br><br>      v.<br><br>CHARLES GENE TATUM, III,<br><br>                Appellant. | No. 80795-1-I<br>(consolidated with 80796-0-I, 80797-8-I, 80798-6-I, and 80799-4-I)<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, J. — Charles Tatum III appeals the imposition of Department of Corrections (DOC) supervision fees and interest on his nonrestitution legal financial obligations (LFOs) in several consolidated cases. After our Supreme Court decided State v. Blake, __ Wn.2d ___, 481 P.3d 521 (2021), Tatum supplemented his appeal to challenge his conviction for drug possession under RCW 69.50.4013(1) as unconstitutional. We agree that his drug possession conviction should be vacated and that he should therefore be resentenced on his other convictions with a recalculated offender score, and that nonrestitution interest and DOC supervision fees should be stricken.

FACTS

Tatum pleaded guilty to charges of theft, burglary, possession of stolen property, identity theft, and possession of a controlled substance in five separate cases. In February 2019, the court imposed a parenting sentencing alternative (PSA), suspending jail time and instead sentencing Tatum to 12 months of

Citations and pin cites are based on the Westlaw online version of the cited material.

community custody. The court found Tatum to be indigent and waived all nonmandatory fines and fees. Each judgment ordered that his LFOs would accrue interest.

In November 2019, the court revoked the PSA after Tatum violated the conditions of his sentence. The court sentenced Tatum to 43 months of confinement on the burglary charge and lesser concurrent sentences on the remaining charges. The court also sentenced Tatum to 12 months of community custody in one of the cases, and although the court declared that it would "not impose any additional fines or fees" because of Tatum's indigence, the order directed Tatum to "pay supervision fees as determined by DOC."

Tatum promptly appealed from the orders revoking his PSA sentence. In February, our Supreme Court decided Blake, which declared Washington's strict liability drug possession statute to be unconstitutional. 481 P.3d at 524. Tatum then moved to supplement his assignments of error to challenge his conviction under that statute, and the State opposed the motion. We granted the motion to supplement.

ANALYSIS

Tatum alleges that the court erred by imposing interest on nonrestitution LFOs and by ordering that he pay DOC supervision fees. He also claims that his conviction for possession of a controlled substance must be vacated in light of Blake and that he must be resentenced on his remaining convictions with a recalculated offender score. 481 P.3d 521. We agree.

Nonrestitution Interest

Tatum claims that the court erred by ordering interest on all LFOs, rather than only on restitution, in violation of RCW 10.82.090(1). The State contends that this issue is not properly before us. We conclude that we may properly address this issue and reverse.

As an initial matter, the State claims that because Tatum appeals from the orders revoking his PSA, rather than the judgments that contained the interest provisions, he may not challenge these provisions. RAP 5.2(a) requires that a notice of appeal must generally be filed within 30 days of the entry of an order. However, RAP 2.4(b) provides that we will review an appealable order not designated in the notice of appeal "if (1) the order . . . prejudicially affects the decision designated in the notice, and (2) the order is entered, or the ruling is made, before the appellate court accepts review." See also Adkins v. Alum. Co. of Am., 110 Wn.2d 128, 134-35, 750 P.2d 1257, 756 P.2d 142 (1988) (RAP 2.4(b) permitted review of order granting mistrial on appeal from outcome of second trial, because "second trial would not have occurred absent the trial court's decision granting the motion for a mistrial").

Here, Tatum appealed from the PSA revocation orders rather than from the judgments and sentences that contained the interest provision at issue. RAP 2.4(b) permits us to review the judgments: first, the judgments prejudicially affected the revocation orders, because the judgments set forth the terms of the sentencing alternative and enabled it to be revoked. See State v. Harris, No. 36951-0-III, slip op. at 5-6 (Wash. Ct. App. Dec. 3, 2020) (unpublished),

3

http://www.courts.wa.gov/opinions/pdf/369510_unp.pdf (review of sentence is appropriate on appeal from order revoking sentencing alternative because order revoking sentence could not have occurred "but for" the sentence). Second, the judgments were entered before we accepted review. Therefore, we address the interest imposed in the judgments.

We review the imposition of discretionary LFOs for abuse of discretion. State v. Ramirez, 191 Wn.2d 732, 741, 426 P.3d 714 (2018). However, statutory interpretation is a question of law that we review de novo. E.g., State v. Mohamed, 187 Wn. App. 630, 637, 350 P.3d 671 (2015). Furthermore, "discretion is necessarily abused when it is manifestly unreasonable or based on untenable grounds or reasons. . . . Stated differently, the court's exercise of discretion is unreasonable when it is premised on a legal error." Ramirez, 191 Wn.2d at 741.

RCW 10.82.090(1) now requires that "no interest shall accrue on nonrestitution" LFOs. Here, the trial court imposed interest on all LFOs without distinguishing between restitution and nonrestitution LFOs. This is no longer permitted, and therefore we remand with instructions to strike the nonrestitution interest.[1]

DOC Supervision Fees

Tatum next contends that the court improperly imposed DOC supervision

---

[1] Tatum also requests, with no citation to legal authority, that we direct the court to reimburse Tatum for any interest he has already paid. There is no information in the record about whether Tatum has paid any interest or how much. Tatum may raise this issue before the trial court; we decline to address it here.

fees as a condition of community custody.  We agree.

As an initial matter, the State contends that Tatum failed to preserve this issue because he did not object below.  However, because of the problems LFOs impose on indigent defendants, we "regularly exercise [our] discretion to reach the merits of unpreserved LFO arguments."  State v. Glover, 4 Wn. App. 2d 690, 693, 423 P.3d 290 (2018).  We do so here.

RCW 9.94A.703(2) provides that "[u]nless waived by the court, as part of any term of community custody, the court shall order an offender to: . . . (d) [p]ay supervision fees as determined by" DOC.  "Since the supervision fees are waivable by the trial court, they are discretionary LFOs."  State v. Dillon, 12 Wn. App. 2d 133, 152, 456 P.3d 1199, review denied, 195 Wn.2d 1022 (2020).

At the revocation hearing, the court stated that it would "not impose any additional fines or fees," and the State affirmed that there were "no additional financial obligations required to be imposed."  The imposition of supervision fees conflicts with the court's statement and therefore appears to be a mistake that should be struck on remand.[2]  See Dillon, 12 Wn. App. 2d at 152 (DOC supervision fees inadvertently imposed were improper).

### Drug Possession Charge

Tatum next addresses his conviction for possession of a controlled

---

[2] The State contends that we should disagree with Dillon and disregard the court's oral statements because the written judgment is the formal and final order.  However, it is entirely appropriate, and often necessary, to consider a court's oral rulings in determining whether a court's exercise of discretion is based on untenable grounds.  State v. Wade, 138 Wn.2d 460, 466, 979 P.2d 850 (1999).

substance under RCW 69.50.4013(1). He contends that his conviction must be vacated and he must be resentenced on his other charges. We again address his challenge to the underlying judgment under RAP 2.4(b), and we agree.

Our Supreme Court recently held that RCW 69.50.4013 is unconstitutional under the state and federal constitutions because it criminalizes passive conduct. Blake, 481 P.3d at 523-24. Because Tatum was convicted under an unconstitutional statute, he is entitled to have his conviction vacated. State v. Carnahan, 130 Wn. App. 159, 164, 122 P.3d 187 (2005).

Furthermore, "a prior conviction which . . . is constitutionally invalid on its face may not be considered" for sentencing purposes. State v. Ammons, 105 Wn.2d 175, 187-88, 713 P.2d 719, 718 P.2d 796 (1986). Here, Tatum's drug possession charge was included in the calculation of his offender score for sentencing. Because this charge is facially unconstitutional, Tatum must be resentenced on remand with an offender score that does not include this offense.

We reverse and remand for the trial court to vacate the drug possession conviction, strike nonrestitution interest and supervision fees, and resentence Tatum using a recalculated offender score.

_____

WE CONCUR:

_____     _____
Andrus, A.C.J.             Appelwick, J.