IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| HUY-YING CHEN and YUEH HUA CHEN, husband and wife,<br><br>     Appellants,<br><br>  v.<br><br>CHRISTOPER LUHRS,<br><br>     Respondent,<br><br>JP MORGAN CHASE BANK, as Trustee F/K/A THE CHASE MANHATTAN BANK successor in interest to THE CHASE MANHATTAN BANK N.A, THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JP MORGAN CHASE BANK N.A AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC MORTGAGE ASSETBACKED PASS THROUGH CERTIFICATE SERIES 2005 RP3, PAUL D. SAVITSKY, STEVEN K. LINKON,<br><br>     Defendants. | No. 81353-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUN, J. — Following foreclosure of their house, Huy-Ying Chen (Chen)

and Yueh-Hua Lee Chen[1] sued multiple parties, including Respondent

Christoper Luhrs. The trial court dismissed Chen's complaint against Luhrs.

---

[1] Yueh-Hua Lee Chen has passed away.

Citations and pin cites are based on the Westlaw online version of the cited material.

Representing himself, Chen appeals. For the reasons discussed below, we dismiss the appeal.

## I. BACKGROUND

Chen sued multiple parties,[2] including Luhrs, over a foreclosure on his home. Luhrs moved to dismiss the complaint for lack of personal jurisdiction under CR 12(b)(2) and failure to state a claim under CR 12(b)(6). A hearing on the motion took place. The trial court granted Luhrs's motion. But it did not specify whether it based the dismissal on CR 12(b)(2), CR 12(b)(6), or both. Chen moved for reconsideration, which motion the trial court denied. Chen petitioned for discretionary review. A panel of this court granted such review.

Luhrs then moved under CR 60 and RAP 7.2(e) for the trial court to correct the order granting his motion to dismiss and clarify that the motion was granted on only CR 12(b)(2) grounds. The trial court granted the motion and entered a corrected order dismissing Chen's complaint under CR 12(b)(2) with prejudice. Luhrs then moved to have this court review the corrected order instead of the original order. Chen opposed this motion. A commissioner denied Luhrs's motion.

Chen moved to transfer the record from another case rather than file a designation of clerk's papers and statement of arrangements, and the commissioner granted transfer. Yet the transferred record lacked Luhrs's motion to dismiss, any report of proceedings from the hearing, the court's order granting

---

[2] The complaint names JP Morgan Chase Bank, the Bank of New York Mellon Trust Company, Paul D. Savitsky, Steven K. Linkon, and Christopher Luhrs as defendants.

dismissal, Chen's motion to reconsider, the court's order denying reconsideration, Luhrs's motion to correct a clerical mistake, the court's order granting Luhrs's motion to correct, or the court's corrected order dismissing Chen's claim.

Rather than dismiss the appeal because of the inadequate record, we requested that Chen supplement the record with the missing materials. Chen made a supplemental filing but failed to provide the requested report of proceedings[3] and the court's order granting Luhrs's motion to correct. Also, in supplementing the record, Chen failed to designate it before the trial court.

## II. ANALYSIS

"The party presenting an issue for review has the burden of providing an adequate record to establish such error." State v. Sisouvanh, 175 Wn.2d 607, 619, 290 P.3d 942 (2012). "In general, '[a]n insufficient record on appeal precludes review of the alleged errors.'" Cuesta v. Dep't of Emp't Sec., 200 Wn. App. 560, 568, 402 P.3d 898 (2017) (alteration in original) (quoting Bulzomi v. Dep't of Labor & Indus., 72 Wn. App. 522, 525, 864 P.2d 996 (1994)). Thus, we "will 'decline to address a claimed error when faced with a material omission in the record.'" Id. (quoting State v. Wade, 138 Wn.2d 460, 465, 979 P.2d 850 (1999)).

Chen's only claim of error on appeal is that the trial court erred by dismissing his claim against Luhrs on both CR 12(b)(2) and 12(b)(6) grounds.

---

[3] Chen filed a report of proceedings from a hearing from a different case, which was held in 2017, about three years before the hearing at issue.

He contends that dismissal could occur only on CR 12(b)(2) grounds. Luhrs says the court's February 19, 2021 corrected order shows that the court dismissed on only CR 12(b)(2) grounds. Chen responds by claiming the corrected order is also in error because it was entered with prejudice.[4]

Chen has failed to provide this court with an adequate record to review his claim of error. He initially omitted the orders he appeals, the motions related to those orders, the report of proceedings from the hearing concerning those motions, and the order correcting the original dismissal order. Even after we requested that he supplement the record, he omitted the report of proceedings from the hearing concerning the dismissal order he appeals, and the order granting Luhrs's motion to correct. Chen also failed to designate the supplemental materials with the trial court as required by RAP 9.10 and 9.6(a). See State v. Drum, 168 Wn.2d 23, 38 n.3, 225 P.3d 237 (2010) ("As the party seeking review, it was Drum's responsibility to designate the necessary portions

---

[4] Chen did not include the corrected order in his notice of appeal or his petition for discretionary review; it had not been entered at that point. He included only the original order dismissing his claim and the order denying his motion for reconsideration. After the trial court entered the corrected order, Luhrs moved to substitute that order in place of the original order for us to consider. Chen opposed the motion. A commissioner denied the motion, meaning that the only dismissal order on review before us is the original order dismissing the complaint against Luhrs. See RAP 2.4(a) (we "review the decision or parts of the decision designated in the notice of appeal or, subject to RAP 2.3(e) in the notice for discretionary review"); RAP 5.1(f) ("If a party wants to seek review of a trial court decision entered pursuant to rule 7.2 after review in the same case has been accepted by the appellate court, the party must initiate a separate review of the decision by timely filing a notice of appeal or notice for discretionary review"); In re Marriage of Smith, 98 Wn.2d 772, 774, 657 P.2d 1383 (1983) (refusing to consider a challenge of an order not before the court).

of the record.  <u>See</u> RAP 9.6(a).  In the absence of an adequate record, we decline to review Drum's sufficiency of the evidence claim on this basis.").

We dismiss the appeal.

_____Chun, J._____

WE CONCUR:

_____Coburn, J._____   _____Verellen J_____