FILED
3/14/2022
Court of Appeals
Division I
State of Washington

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 82465-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| TRUNG VAN LE, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |
| | ) | |

MANN, C.J. — Trung Van Le appeals his judgment and sentence for one count of assault in the third degree. Le argues that the income withholding provision of the judgment and sentence must be modified to indicate that no legal financial obligations (LFOs) may be satisfied by Social Security benefits. Le raises additional arguments in his statement of additional grounds. We remand to amend the judgment and sentence to indicate that the imposed fees may not be satisfied from funds subject to 42 U.S.C. § 407(a). We otherwise affirm.

<u>FACTS</u>

On July 29, 2020, the Snohomish County prosecutor charged Le with second degree assault, domestic violence, alleging that Le sprayed his brother with pepper spray six days prior. Le was initially found incompetent to stand trial but was eventually

Citations and pin cites are based on the Westlaw online version of the cited material.

found competent on November 5, 2020. That same day, the court discussed Le's conditions of pretrial release. The State requested the court set bail at $5,000. Le's counsel objected and stated that Le had been unemployed for about a year and a half and had possibly been receiving disability through Supplemental Security Income (SSI). The court imposed a condition of $5,000 in bail.

The jury found Le guilty of the lesser included offense of third degree assault, domestic violence. On March 19, 2021, the court sentenced Le to 5 months of incarceration. In discussing the terms of community custody, the State requested Le undergo a mental health evaluation because Le's brother, the victim in the matter, noted that Le had been going through a mental health crisis at the time of the assault—although he had become better functioning recently. The court imposed the evaluation and compliance obligation, stating that it did not know if there were mental health issues, but the evaluation is a good idea.

The court waived all discretionary LFOs, except the required $500 victim assessment fee, and found Le indigent for purposes of appeal. The court established a payment schedule of $25 a month beginning 30 days from sentencing.

Le appeals.

ANALYSIS

A. <u>Social Security Benefits</u>

Le argues that this court should remand to amend the judgment and sentence to state that LFOs may not be satisfied out of Le's Social Security benefits. We agree.

In <u>State v. Catling</u>, 193 Wn.2d 252, 438 P.3d 1174 (2019), the court held that Social Security benefits could not be used for debt retirement. Where the judgment and

sentence fails to clarify that mandatory LFOs cannot be satisfied with funds subject to 42 U.S.C. § 407(a), remand for amendment of the income-withholding language is the proper remedy. Catling, 193 Wn.2d at 264. While Le was not definitively on SSI at the time, at his bail hearing defense counsel stated, "[h]e has been unemployed for about a year and a half. He tells me that he has received or possibly is receiving some disability with SSI." On remand, the trial court should amend the judgment and sentence to indicate that the imposed fees may not be satisfied out of any funds subject to 42 U.S.C. § 407(a).

B. Statement of Additional Grounds

In his statement of additional grounds, Le argues that his brother was wrongly informed that Le would not receive a felony sentence or prison time if he testified against him. Le also contends that his attorney failed to ask a question he requested when he was on the stand.

"The party presenting an issue for review has the burden of providing an adequate record to establish such error." State v. Sisouvanh, 175 Wn.2d 607, 619, 290 P.3d 942 (2012). This court may "decline to address a claimed error when faced with a material omission in the record." State v. Wade, 138 Wn.2d 460, 465, 979 P.2d 850 (1999). Here, there is no record cite and not a sufficient record to support Le's complaint about potential prosecutorial misconduct or ineffective assistance of counsel. Thus, we decline to address the claimed errors.

We remand to the trial court to modify the LFOs consistent with this opinion. We otherwise affirm.

_____ Mann, C.J.

WE CONCUR:

_____ Bruman, J.    _____ Appelwick, J.