CASE 32—PETITION EQUITY—JANUARY 31.

## Coleman, &c., v. Simrall.

### APPEAL FROM MERCER CIRCUIT COURT.

1. EXECUTION SALES—LIFE ESTATE IN LAND SUBJECT TO LIFE TEN-ANT'S DEBTS —Where a testator devised land to his wife for life, with directions to his executors to sell the land and personalty at her death, pay her debts, and then divide the proceeds between his children, the life estate of the widow was subject to execution for her debts; and the purchaser at a sale of land under execution against the widow having refused to comply with the terms of sale, there was no reason for the execution creditors going into a court of equity to have a con-struction of the will, and to compel the purchaser to execute bond and take the land.

2. LEVY ON LAND CREATES LIEN ON LIFE ESTATE.—Where an execu-tion is levied upon land in which the debtor has only a life estate, the levy creates a lien upon the life estate.

PHIL B. THOMPSON, SR., FOR APPELLANT.

1. The heirs of Lucy Bronaugh were necessary parties, and, therefore, ap-pellant's demurrer should have been sustained.

Coleman, &c , v. Simrall.

2. The life estate of appellant can not be sold for debts contracted for any other purpose than that of raising and educating the testator's *two youngest sons.*

3. While the execution levy is undisposed of, appellees can not resort to a court of equity for a sale of appellant's interest in the land.

4. Appellees can not go into a court of equity for the enforcement of their judgment until they have had a return of "no property."

5. It was error to award a writ of possession to the purchaser. In no event is the purchaser entitled to the possession until the sale has been confirmed (9 Bush, 289; 3 Met., 546; 2 Met., 552); and where the right of redemption exists, he is not entitled to possession until that right expires. (Gen. Stats., chap. 63, art. 8.)

E. H. GAITHER for appellees.

The debts of Susan D. Coleman are a charge on the land left by Meredith Coleman, and though the right to sell is limited by the will to the death of said Susan, a judgment creditor may sell at any time. (Terry v. Bleight, 3 Mon., 272; Stewart v. Brady, 3 Bush, 623.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

A number of the creditors of Susan Coleman having had execution levied on a tract of land devised to her by her husband, and sold, or a part of it, for the payment of these debts, and the purchaser refusing to comply with the terms of sale, brought this action in equity, asking a construction of the will of the husband, and that the purchaser be compelled to take the land, and execute his bond for the purchase money. The chancellor below held that the wife had a life estate, and that it was subject to her debts. The widow and heirs appeal, but the purchaser is not before this court. They contend that the land is not liable for the payment of the debts of the wife.

There was a demurrer to the petition, general and special. The special demurrer raising the question as to the right of creditors to unite in a case like this, asking for a construction of the will with a view of

Coleman, &c., v. Simrall.

enforcing their claims. On the general demurrer it is argued that the petition shows no reason for going into a court of equity.

The will of the husband was executed in the year 1871, and gives to his wife an estate for life in the land, with directions to his executors to sell the land and personalty at the death of the wife, pay her debts, and then divide the proceeds between his children, as directed in a subsequent clause of his will.

We perceive no reason for going into a court of equity when the life estate is certainly liable for the debts of the wife. It is a legal vendible interest that may be sold under execution, and the levies made, although on the land, created a lien on the life estate; and as to the small debts, the statute provides the manner in which the land can be reached. (Section 723, Carroll's Code.) If, by the provisions of the will, the land can be sold at the death of the life tenant by the executors, and her debts paid, still, for the benefit of the remainderman, this clause of the will must be observed; and besides, it does not appear that the life estate, after exempting the homestead, is insufficient to pay the debts. We perceive no reason for going into a court of equity, and both the general and special demurrers should have been sustained.

The judgment below is reversed, and remanded for proceedings consistent with this opinion.