[No. 19824. Department Two. August 20, 1926.]

WILLIAM A. GREENE, *as Trustee in Bankruptcy for Joseph Levinson, Respondent,* v. NATIONAL SURETY COMPANY, *Appellant.*[1]

[1] APPEAL (503)—LIABILITY ON BONDS—SUPERSEDEAS BOND—EXTENT OF LIABILITY—JUDGMENT. Where a judgment for defendant, not withstanding a verdict for plaintiff, in a greater sum than the penalty in the supersedeas bond is reversed, with directions to enter judgment "carrying into effect the views herein expressed" judgment is properly entered below to the same effect that the supreme court could have entered; and the sureties in the supersedeas bond are liable in an action thereon in the full penalty of the bond, where the bond was conditioned as required by Rem. Comp. Stat., § 1737, that they will satisfy and perform any judgment the supreme court may make or order to be made by the superior court.

[2] SAME (394)—REVIEW—PRESUMPTIONS—AS TO PLEADINGS. In the absence of a statement of facts, it will be presumed that the complaint, if defective, was amended at the trial.

[1]Reported in 248 Pac. 803.

Appeal from a judgment of the superior court for King county, Mills, J., entered April 13, 1925, upon findings in favor of the defendant, in an action upon a supersedeas bond, tried to the court. Affirmed.

*Frank S. Griffith,* for appellant.

*C. L. Henry,* for respondent.

MAIN, J.—This action is based upon a supersedeas bond. The trial resulted in findings of fact, conclusions of law and a judgment sustaining plaintiff's right to recover in the sum of five thousand dollars, this being the penal sum mentioned in the bond. From this judgment, the defendant appeals.

No statement of facts or bill of exceptions has been brought to this court, and therefore the only question in the case is whether the findings support the judgment.

In *Greene v. Levinson,* 123 Wash. 370, 212 Pac. 659, a judgment was entered against the Manhattan Investment Company and another defendant, from which both appealed. The Manhattan Investment Company gave a supersedeas bond upon which the defendant in the present case was surety. The judgment in that case was reversed and the cause remanded with direction to the superior court to "enter judgments carrying into effect the views herein expressed." In accordance with this direction, a judgment was entered against each of the defendants, and that against the Manhattan Investment Company was for a greater sum than the penalty mentioned in the supersedeas bond. The respondent in this action thereafter called upon the appellant to pay its bond, and was met with a refusal. The present action was the result.

[1] The appellant concedes that, if this court had entered the judgment upon the record in the case of

*Greene v. Levinson, supra,* it would have been liable; but it contends that, when the cause was remanded to the superior court, that court had no right to enter a judgment upon the record previously made, but was required to frame an issue and take additional testimony. The bond in question, among other things, contains the provision that the surety company, the appellant, will satisfy and perform "any judgment or order which the supreme court may render or make or order to be rendered or made by the superior court." Rem. Comp. Stat., § 1737 [P. C. § 7322], among other things, provides that, where a judgment of the superior court is reversed, this court "may direct the proper judgment or order to be entered." In the *Levinson* case, as pointed out, this court did not enter the judgment itself, but directed the superior court to enter the judgment, and that court was acting within its power and within the direction given by this court when it entered the judgment upon the record made upon the first trial. The judgment entered was in direct accord with the provision in the bond and the direction given by this court.

[2] There is some suggestion in the appellant's brief that the amended complaint upon which this action was tried did not state a cause of action. There being no bill of exceptions or statement of facts here, so far as we know the complaint may have been amended on the trial, if it be assumed that it was defective. There is a presumption in favor of the correctness of the judgment entered and, in the absence of an affirmative showing of error, it will be sustained.

There was no error in the judgment entered by the superior court, and it will be affirmed.

TOLMAN, C. J., MACKINTOSH, MITCHELL, and PARKER, JJ., concur.