[No. 26836. Department One. February 7, 1938.]

CLYDE M. MATTICE, *Appellant,* v. MARJORY DUNDEN, *as Administratrix, et al., Respondents.*[1]

*Frank E. Hammond,* for appellant.

*Houghton, Cluck & Coughlin,* for respondents.

SIMPSON, J.—This action was instituted by plaintiff to recover possession of an automobile. In his complaint, he alleges that he is the owner of and entitled to possession of a certain described automobile, which was on the 12th day of August, 1936, taken by defendants without his knowledge or consent.

In their answer and cross-complaint, defendants, besides making a general denial, allege that defendant Marjory Dunden is administratrix of the estate of Dorothy I. Wittwer, deceased, and is the owner of the automobile in her capacity as administratrix.

The action was tried to the court, sitting without a

[1] Reported in 75 P. (2d) 1014.

jury.  Findings of fact and conclusions of law were entered and thereafter judgment rendered denying any relief to plaintiff, but adjudging defendant, as administratrix, to be the owner of and entitled to the possession of the automobile.  Motion for a new trial was made by plaintiff and denied by the court.  From the judgment in favor of defendant administratrix and the order denying his motion for a new trial, plaintiff has appealed.

No statement of facts has been brought to this court.

Appellant contends the judgment is against the findings as made by the trial court.

The findings of fact, in part, recite as follows:  That, during the lifetime of Dorothy I. Wittwer, she employed plaintiff as a nurse at an agreed salary of fifty dollars per month, the salary amounting to a total of $1,350; that, on January 1, 1936, it was agreed that plaintiff had due him a balance of $662.35.  Shortly thereafter, plaintiff herein and Dorothy I. Wittwer, acting on behalf of the plaintiff, negotiated with the McFarland Motor Company for the purchase of the motor car which is in litigation here, she becoming the nominal purchaser under a written conditional sales contract.  In such contract, Dorothy I. Wittwer was named as vendee and the McFarland Motor Company as vendor, and it was provided therein that the sum of fifty dollars would be paid upon the execution of the contract and thirty-five dollars each month for twenty-six consecutive months.  A further finding was to the effect that the license was issued in Dorothy I. Wittwer's name and she also applied for and received title certificate issued by the state of Washington, department of licenses, showing her as the registered owner and the McFarland Motor Company as the legal owner.

At the time of the purchase of the automobile, plaintiff was indebted to divers and sundry individuals,

firms, and corporations, and certain judgments were outstanding against him of record in the superior court of King county; that such purchase was made in the name of Dorothy I. Wittwer to avoid the seizure of the automobile and the sale thereof by creditors of plaintiff; and that the purpose of the transaction was to conceal any interest or ownership, or right of possession, plaintiff may have had in the automobile.

It is further related that plaintiff continued in the employ of Dorothy I. Wittwer until her death on July 21, 1936, at which time he had earned the sum of three hundred fifty dollars in addition to the amount due him on January 1, 1936. Dorothy I. Wittwer was physically incapable of driving an automobile, due to an affliction in her feet, and never drove the car after its purchase, riding in it only when driven by the plaintiff. After her death, the entire balance due on the contract, with the exception of $71.12, was paid by the administratrix from funds belonging to the estate. At all times after its purchase, the automobile was in the physical possession of plaintiff up to the time it was taken by the defendants.

The conclusions of law made by the court recited that plaintiff was estopped from claiming either the title to or the possession of the automobile.

Appellant contends, first, that, in order to prevail upon the ground of estoppel, it was necessary for the respondents to plead it in their answer or cross-complaint, citing *Interstate Sav. & Loan Ass'n v. Knapp*, 20 Wash. 225, 55 Pac. 48, 931, in which it was said:

"It has been frequently determined by this court that all the essential facts constituting equitable estoppel must be pleaded."

However, we cannot decide this case upon the contents of the pleadings. The statement of facts not being

present, we are unable to ascertain in what manner the facts concerning estoppel were presented. They may have been testified to by plaintiff himself, or by respondents without objection, or by trial amendment of the pleadings.

"There is a presumption in favor of the correctness of the judgment entered and, in the absence of an affirmative showing of error, it will be sustained." *Greene v. National Surety Co.,* 140 Wash. 230, 248 Pac. 803.

His next contention is that the findings show him to be in possession. Whatever possession he had, however, was as an employee of Mrs. Wittwer and not in himself as an individual.

The finding to the effect that the purchase of the automobile was made in the name of Dorothy I. Wittwer to avoid its seizure by the creditors of appellant brings this case squarely within the rule laid down in *Boothe v. Bassett,* 82 Wash. 95, 143 Pac. 449, 7 A. L. R. 145.

In that case, plaintiff and defendant acquired a piece of land, title being taken in the name of the defendant to keep it out of reach of plaintiff's creditors. Plaintiff later sued to recover the one-half interest which defendant had agreed to hold in trust for him. The court there said:

"Upon the merits, it will be necessary to notice but one assignment of error. From the facts stated, it appears that the primary reason for placing the entire title in the name of Bassett was to put the property beyond the reach of Boothe's judgment creditor. Where a conveyance of property is made to hinder, delay or defraud creditors, as between parties it is good, and a court of equity will not interfere at the instance of a fraudulent grantor to aid him in a recovery of the property. Such a conveyance is illegal as to creditors only. This rule is founded upon public policy. 14 Am. & Eng. Ency. Law (2d ed.), p. 274; 20 Cyc. 615; 2 Moore,

Fraudulent Conveyances, p. 630; *Kitts v. Willson*, 130 Ind. 492, 29 N. E. 401; *Chantler v. Hubbell*, 34 Wash. 211, 75 Pac. 802. . . .

"The rule applies not only when there has been a conveyance from the previous holder of title for the purpose of defrauding his creditors, but also where title to property at the time it is acquired is placed in the name of a third party for the purpose of interfering with the rights of creditors. *Coleman v. Coleman*, 147 Ky. 383, 144 S. W. 1, 39 L. R. A. (N. S.) 193; *Kirkpatrick v. Clark*, 132 Ill. 342, 24 N. E. 71, 22 Am. St. 531, 8 L. R. A. 511; *Hill v. Scott*, 12 Ky. Law 877, 15 S. W. 667."

Of like import, see *Woodman v. Fitzsimmons*, 120 Wash. 136, 206 Pac. 963, and 27 C. J. 647-657.

In our opinion, the findings support the judgment, and it is accordingly affirmed.

STEINERT, C. J., MAIN, HOLCOMB, and GERAGHTY, JJ., concur.