[No. 2094–3. Division Three. November 28, 1977.]

ALAN D. HEILMAN, *Respondent*, v. RUSSELL WENTWORTH, *Appellant.*

[2]RCW 51.32.050(2)(g), enacted in Laws of 1975, 1st Ex. Sess., ch. 179, § 1, pp. 613–14.

752

*Ries & Kenison* and *Gerald J. Moberg,* for appellant.

*John E. Calbom, P.S.,* for respondent.

MUNSON, C.J.—The defendant, Russell Wentworth, appeals from a judgment entered after a jury verdict for the plaintiff arising out of a hunting accident.

In the late evening of May 28, 1974, the plaintiff, defendant, and Jeff Long went jackrabbit hunting in the defendant's two–door automobile. The plaintiff sat in the right rear seat and had in his possession a 12–gauge, single–shot shotgun. The defendant was driving, and Jeff Long sat in the front passenger seat. While driving at night in a rural area, the headlights of the car would momentarily blind the rabbits, causing them to stop. The driver would stop the car, and the boys would exit therefrom and shoot at the rabbits. The hunters would then get back in the automobile and proceed until they came upon another rabbit. It was after the second such incident the three boys returned to their same positions in the car. The defendant got behind

the wheel, placing the butt of his 12–gauge, pump shotgun on the floorboard with the barrel resting against his shoulder, pointing toward the ceiling. Just as the car started moving forward, defendant's gun fell, hit the seat and discharged, wounding the plaintiff above the knee. There is no question as to the seriousness of plaintiff's injuries, although he apparently has made a miraculous recovery. Defendant appeals from a jury award of $50,000.

The first assignment of error relates to the court's failure to grant a continuance. It became apparent 5 days before trial that the .plaintiff contemplated calling a physician to obtain testimony of the presence of lead poisoning; this physician had not previously been named on the plaintiff's list of witnesses, nor had he been subject to discovery proceedings. Previous discovery proceedings had indicated the plaintiff did not suffer from lead poisoning; subsequent to these proceedings the plaintiff sought this other physician's services. In order to meet this issue, the defendant asked for a continuance, which was denied.

This matter comes before this court on a partial report of proceedings which contains no medical testimony. Apparently the "new" physician, whose proposed testimony was the basis for defendant's request for a continuance, did testify.

RAP 9.10 provides:

If the record is not sufficiently complete to permit a decision on the merits of the issues presented for review, the appellate court may, on its own initiative or on the motion of a party (1) direct the transmittal of additional clerk's papers and exhibits, or (2) correct, or direct the supplementation or correction of, the report of proceedings.

Here, the defendant raised an issue on appeal, ordered only the pretrial motions and accompanying affidavits, but failed to order any other portion of the report of proceedings relevant to that issue.

■ Although the present Rules of Appellate Procedure are more liberal for the purpose of correcting or supplementing a record, they do not impose upon this court a mandatory obligation to order preparation of the record substantiating a party's assignment of error. We decline the implied invitation to search through an incomplete record, order that which should be obvious to support an assignment of error, and then make a decision. Additionally, we refuse to consider the defendant's contention that this matter was adequately covered by the testimony of other physicians and the defendant's cross–examination of the doctor in question.

In his second assignment of error, defendant contends the court erred in failing to submit the issue of the plaintiff's contributory negligence to the jury so they could evaluate the comparative negligence of each of these parties.

Defendant, as a matter of law, was negligent, which negligence proximately caused injury to the plaintiff. RCW 77.16.250[1] states it is unlawful to carry a loaded shotgun in an automobile. Although the defendant contended he did not know the gun was loaded, it was his responsibility to insure that it was not loaded. To have injured the plaintiff, the gun had to have been loaded when it slipped and accidentally discharged. Therefore, defendant is guilty of having a loaded shotgun in a motor vehicle which, when it accidentally discharged, was a proximate cause of the plaintiff's injury.

■ The defendant contends the plaintiff was contributorially negligent in that (a) young boys 17 years of age hunting in the late evening is an extremely dangerous and hazardous venture; (b) the boys failed to have any discussion of procedures to assure the unloading of weapons prior to entering the vehicle, and (c) plaintiff's own weapon was

---

[1]RCW 77.16.250 states:

"It shall be unlawful for any person to carry, transport or convey, or to have in his possession or under his control in any motor–driven or horse–drawn vehicle or in any vehicle propelled by man, any shotgun or rifle containing shells or cartridges therein."

loaded at the time of the incident. The trial court concluded, as a matter of law, that the evidence did not support the issue of plaintiff's contributory negligence. It is on this point that we disagree.

> Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection, and which is a legally contributing cause co–operating with the negligence of the defendant in bringing about the plaintiff's harm.

Restatement (Second) of Torts § 463, at 506 (1965), cited with approval in *Walsh v. West Coast Coal Mines,* 31 Wn.2d 396, 407, 197 P.2d 233 (1948); *Hynek v. Seattle,* 7 Wn.2d 386, 395, 111 P.2d 247 (1941). The standard of conduct to which a plaintiff must conform "for his own protection is that of a reasonable man under like circumstances." Restatement (Second) of Torts § 464, at 507 (1965). As noted in *Chadwick v. Ek,* 1 Wn.2d 117, 129, 95 P.2d 398 (1939), "[t]he doctrine of contributory negligence rests upon the principle that a person is never absolved from exercising reasonable and ordinary care for his own safety and cannot thrust all responsibility upon others." However, "[t]here must be substantial evidence that plaintiff's own negligence proximately contributed to the injury or evidence from which such negligence can be reasonably inferred." *Bonica v. Gracias,* 84 Wn.2d 99, 100, 524 P.2d 232 (1974). Such negligence "can exist only as a coordinate or counterpart of a defendant's negligence." *Godfrey v. State,* 84 Wn.2d 959, 964, 530 P.2d 630 (1975).

We disagree with defendant's contention that the plaintiff was contributorially negligent because the boys were going hunting in the nighttime and because plaintiff's weapon was loaded at the time of the incident. Hunting jackrabbits in the nighttime is an age–old tradition in Eastern Washington. Such a venture may require additional care, but the conduct itself is not negligent. Further, the fact that plaintiff's gun was loaded, although negligent, was not a proximate cause of the accident.

 There is evidence that no procedure, formal or informal, was adopted by the three youths to insure that no loaded weapons entered the vehicle. Any of the youths could have inquired or could have established a procedure for checking each other's weapons to insure that no one was violating RCW 77.16.250. We are unable to determine, as a matter of law, that no reasonable hunter would enter a vehicle without first verifying that others entering the automobile had unloaded their weapons. It is a question of fact whether the omission was reasonable or unreasonable. Whether such an inquiry would have caused the defendant to examine his weapon more closely is subject to speculation, but, at least for the purpose of insuring his own safety, a jury could find that plaintiff should have made reasonable inquiry. Therefore, an issue upon which reasonable minds could differ was created and was a question for the jury. *Larson v. Pischell,* 13 Wn. App. 576, 535 P.2d 833 (1975).

Lastly, defendant contends that, in the event a new trial is granted on the issue of contributory negligence, it should be limited to that single issue, inasmuch as the jury received a directed verdict of the defendant's liability and brought in the maximum damages to which the plaintiff was entitled. We agree. Under RCW 4.22.010,[2] the only remaining issue is whether the plaintiff was contributorially negligent, and if so, the proportion his negligence was attributable to his injury.

Judgment reversed and remanded on issue of plaintiff's

[2] RCW 4.22.010 states:

"Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages caused by negligence resulting in death or in injury to person or property, but any damages allowed shall be diminished in proportion to the percentage of negligence attributable to the party recovering."

contributory negligence, only.

GREEN and McINTURFF, JJ., concur.

Reconsideration denied December 20, 1977.

Review denied by Supreme Court May 19, 1978.