[No. 7418–1–I. Division One. March 3, 1980.]

THE CITY OF SEATTLE, *Respondent,* v. PETER TORKAR, *Appellant.*

*Peter Torkar,* pro se.

*Douglas N. Jewett, City Attorney,* and *Michael S. Hurtado, Assistant,* for respondent.

RINGOLD, J.—On September 21, 1978, Peter Torkar was found guilty in Seattle Municipal Court of 17 counts of parking violations. He appealed to the Superior Court where he was again found guilty by a 12–person jury, and now appeals to this court, arguing the unconstitutionality of a Seattle ordinance.

██ The record on appeal lacks clerk's papers and the verbatim report of proceedings. RAP 9.10 provides as follows:

> If a party has made a good faith effort to provide those portions of the record required by Rule 9.2(b), the appellate court will not ordinarily dismiss a review proceeding or affirm, reverse, or modify a trial court decision because of the failure of the party to provide the appellate court with a complete record of the proceedings below. If the record is not sufficiently complete to permit a decision on the merits of the issues presented for review, the appellate court may, on its own initiative or on the motion of a party (1) direct the transmittal of additional clerk's papers and exhibits, or (2) correct, or direct the supplementation or correction of, the report of proceedings.

In *Heilman v. Wentworth,* 18 Wn. App. 751, 754, 571 P.2d 963 (1977), the appellant failed to have prepared a portion of the report of proceedings relevant to an issue otherwise substantiated by affidavits and pretrial motions. Thus,

there had been some effort to provide a complete record, but the court refused to order supplementation of the record. The court there stated:

Although the present Rules of Appellate Procedure are more liberal for the purpose of correcting or supplementing a record, they do not impose upon this court a mandatory obligation to order preparation of the record substantiating a party's assignment of error. We decline the implied invitation to search through an incomplete record, order that which should be obvious to support an assignment of error, and then make a decision.

*Heilman v. Wentworth, supra* at 754.

Mr. Torkar has been advised by mail four times that the clerk's papers must be filed, and five times that the verbatim report must be filed. The appeal was dismissed, then reinstated on the representation that the report of proceedings would be forthcoming. Still the record is wholly devoid of any clerk's papers or report of proceedings. As in *Heilman v. Wentworth, supra,* we decline the implied invitation to order supplementation of the record.

■ We are mindful that the appellant here is prosecuting his appeal without benefit of counsel. We are yet compelled to apply the same rules as if he were represented by an attorney. "An orderly judicial system cannot have one set of rules for cases handled by attorneys, and another set for those who wish to take the risk of representing themselves." *State v. Miller,* 19 Wn. App. 432, 436, 576 P.2d 1300 (1978).

For the above reasons, the appeal is dismissed.

CALLOW, C.J., and JAMES, J., concur.

Reconsideration denied March 31, 1980.

Review denied by Supreme Court July 18, 1980.