IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JOLENE JOVEE,<br><br>                    Respondent,<br><br>          v.<br><br>LORI SHAVLIK,<br><br>                    Appellant. | No. 84162-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DíAZ, J. — Lori Shavlik appeals from orders denying her motions to vacate and, separately, to modify a protection order, which was entered against her first in 2019 and renewed several times. Because Shavlik fails to provide an adequate record to demonstrate any error on the trial court's behalf, we affirm.

## I.     BACKGROUND

Jolene Jovee obtained an anti-harassment protection order against Shavlik in 2019. In 2021, Jovee petitioned for her second renewal of the protection order. Jovee attempted to serve the petition on Shavlik personally, but was unable to do so. Jovee sought and obtained permission from the trial court to serve Shavlik by mail. Jovee mailed the pleadings to Shavlik on October 13, 2021.

On October 22, 2021, the trial court granted Jovee's petition for renewal of the protection order.[1]  Sometime after the hearing, Shavlik filed a motion to terminate the protection order.  On January 10, 2022, the trial court denied the motion after finding that Shavlik had not presented sufficient evidence that there had been a substantial change in circumstances demonstrating the harassment would not resume.

At some point in the proceedings, Shavlik filed a motion to vacate the renewed protection order pursuant to CR 60(b), alleging that she had not been properly served with notice of the renewal hearing.  On or about May 18, 2022, the trial court denied Shavlik's CR 60(b) motion, after concluding that she had been properly served by mail.

In April 2022, Shavlik also filed a motion to modify the protection order to permit her to have contact with Jovee's children.  Shavlik's April motion to modify was separately heard by a commissioner of the court.  The commissioner found that Shavlik's motion constituted an untimely motion for reconsideration of the court's order of January 10, 2022.  In an order dated May 20, 2022, the commissioner accordingly denied the motion to modify.

---

[1] Neither party asks whether Shavlik's appeal was rendered moot when the renewed order expired on October 22, 2022.  "Generally, we will dismiss an appeal where only moot or abstract questions remain or where the issues raised in the trial court no longer exist."  Price v. Price, 174 Wn. App. 894, 902, 301 P.3d 486 (2013).  A case is not moot if a court can still provide effective relief.  Hough v. Stockbridge, 113 Wn. App. 532, 537, 54 P.3d 192 (2002), reversed on other grounds, 150 Wn.2d 234, 76 P.3d 216 (2003) (noting that the stigma of an expired antiharassment order may be removed by a favorable decision).  As neither party has briefed this issue, we decline to dismiss Shavlik's appeal on this basis.

Shavlik moved for reconsideration of the orders dated May 18 and May 20, 2022, arguing again that she had not been properly served with notice of the petition for renewal.  We presume that the motions for reconsideration were denied, as Shavlik has continued to pursue her appeal.  However, neither order appears in the record.

Shavlik appeals the orders dated May 18 and May 20, and the presumptive denial of her final motions for reconsideration.[2]

## II.    ANALYSIS

Shavlik asserts that the trial court erred by denying her motion to vacate pursuant to CR 60(b) because she was never properly served with notice of the hearing on the petition for renewal of the protection order.  Orders that are entered without proper service are void.  Ha v. Signal Elec., Inc., 182 Wn. App. 436, 447, 332 P.3d 991 (2014).  "Whether a judgment is void is a question of law that we review de novo."  Id.  On de novo review, this court sits in the same position as the trial court.  Thun v. City of Bonney Lake, 3 Wn. App. 2d 453, 459, 416 P.3d 743 (2018).

The party seeking review has the burden to provide and perfect the record so that we have all the relevant evidence before us. RAP 9.2(b); State v. Sisouvanh, 175 Wn.2d 607, 619, 290 P.3d 942 (2012); Stiles v. Kearney, 168 Wn. App. 250, 259, 277 P.3d 9 (2012).  A pro se appellant is bound by this rule just as

---

[2] Jovee did not file a respondent's brief.  "A respondent who elects not to file a brief allows [their] opponent to put unanswered arguments before the court, and the court is entitled to make its decision based on the argument and record before it." Adams v. Dep't of Labor & Indus., 128 Wn.2d 224, 229, 905 P.2d 1220 (1995).

if they had been represented by counsel. Patterson v. Superintendent of Pub. Instruction, 76 Wn. App. 666, 671, 887 P.2d 411 (1994). "An insufficient appellate record precludes review of the alleged errors." Stiles, 168 Wn. App. at 259.

Here, Shavlik has not provided any of the pleadings or evidence submitted to the trial court on her motion to vacate, including the motion itself. Even more importantly, Shavlik also has not provided us with the underlying motion for, order approving, and proof of service by mail, which she asserts were improper and which are necessary to evaluate the merits of her motion to vacate. Due to Shavlik's failure to perfect the record, we are unable to carry out our role in reviewing the trial court's order on her motion to vacate. See e.g., Tacoma S. Hospitality, LLC v. Nat'l Gen. Ins. Co., 19 Wn. App. 2d 210, 221, 494 P.3d 450 (2021) ("we cannot review anew the issues and evidence that were presented before the trial court anew to determine whether the trial court reached its decision in error because Tacoma South did not provide the information on which that decision was based"). We therefore presume the trial court's order was correct. See State v. Wade, 138 Wn.2d 460, 464, 979 P.2d 850 (1999) ("A trial court's judgment is presumed to be correct and should be sustained absent an affirmative showing of error."); Mattice v. Dunden, 193 Wash. 447, 450, 75 P.2d 1014 (1938).

Shavlik also challenges the trial court's order denying her motion to modify the protection order. We review a trial court's decision on a motion to modify a protection order for abuse of discretion. Freeman v. Freeman, 169 Wn.2d 664, 671, 239 P.3d 557 (2010). "A court abuses its discretion only when its decision is manifestly unreasonable, or exercised on untenable grounds or for untenable

reasons." Dep't of Corr. v. Barnett, 24 Wn. App. 2d 961, 972, 522 P.3d 52 (2022), review denied, 532 P.3d 156 (2023).

If an incomplete record fails to affirmatively establish an abuse of discretion, we may affirm the challenged decision. Sisouvanh, 175 Wn.2d at 619-20; Lau v. Nelson, 92 Wn.2d 823, 829, 601 P.2d 527 (1979). Shavlik has not provided us with the response to her motion to modify, as well as her reply in support of the motion. Shavlik also has not provided a verbatim report of proceedings from the hearing on her motion to modify (or any other hearing). Without knowing what the trial court reviewed or what the basis for its decision was, we cannot say that the trial court abused its discretion.[3]

We are mindful that courts of appeal should avoid deciding cases based on technical noncompliance with the Rules of Appellate Procedure. Rhinevault v. Rhinevault, 91 Wn. App. 688, 693, 959 P.2d 687 (1998). Indeed, when the appellant makes a good faith attempt to provide a record in compliance with RAP 9.2(b), the appellate court ordinarily will not address the case on the merits but will order supplementation of the record. RAP 9.10. "Although RAP 9.10 gives the appellate court the authority to order supplementation of the record, it plainly does not impose 'a mandatory obligation' to do so." Wade, 138 Wn.2d at 465 (quoting Heilman v. Wentworth, 18 Wn. App. 751, 754, 571 P.2d 963 (1977)).

---

[3] As to Shavlik's motions for reconsideration, she has not provided copies of the orders presumably denying those motions. "[W]e review a trial court's decision granting or denying a motion for reconsideration for abuse of discretion." City of Longview v. Wallin, 174 Wn. App. 763, 776, 301 P.3d 45 (2013). Thus, for reasons previously articulated, we cannot say that the trial court abused its discretion in deciding either of Shavlik's motions for reconsideration.

Given the procedural history of this and Shavlik's many other appeals, and the "material omission[s] in the record," we cannot conclude that Shavlik's failure to perfect the record was a mere technical violation of the rules or that Shavlik made a good faith attempt to provide a complete record. Id. Shavlik was provided ample notice of these procedural deficiencies and equally ample opportunities to supplement the record.[4] Indeed, a commissioner of this court dismissed this very appeal previously because Shavlik had not filed a designation of clerk's papers and statement of arrangements, but the commissioner reversed that decision on a

___

[4] In this appeal, this court provided Shavlik with four separate notices that she needed to provide copies of the orders she was appealing and two notices that she needed to file a designation of clerk's papers and statement of arrangements. The final notice advised Shavlik that her appeal would be dismissed if she did not file copies of the appealed orders, designation of clerk's papers, and statement of arrangements. On December 22, 2022, a commissioner of this court dismissed Shavlik's appeal after she failed to file any of the required documents. Shavlik did not file her designation of clerk's papers until December 28, 2022. This filing was rejected by the trial court as the pleadings listed did not match those on the docket. Shavlik did not file a corrected designation of clerk's papers until April 2023 and never provided this court with a copy as required by RAP 9.6(a).

We note that this is not Shavlik's first appeal in this court, nor is it even her first appeal in this case. See Order Denying Motion to Modify, Granting Extension for Time to File Response, Denying Request for Sanctions, and Dismissing Appeal, Shavlik v. Dawson Place, No. 78090-5, at 1 (Wash. Ct. App. Dec. 21, 2018); Shavlik v. City of Goldbar, No. 78422-6-I (Wash. Ct. App. Sept. 16, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/784226.pdf; Ruling Terminating Review, Shavlik v. Jovee, No. 80109-1 at 1 (Wash. Ct. App. Oct. 8, 2019); Shavlik v. Jovee, No. 81889-9-I (Wash. Ct. App. Oct. 4, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/818899.pdf; Shavlik v. City of Sultan, No. 82456-2-I (Wash. Ct. App. Nov. 14, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf/824562.pdf; & Shavlik v. McGlothern, No. 83914-4-I (Wash Ct. App. Oct. 2, 2023) (unpublished), https://www.courts.wa.gov/opinions/pdf/839144.pdf. Indeed, in her earlier appeal in this matter, Shavlik was warned that her appeal would be subject to dismissal if she did not file the overdue designation of clerk's papers and statement of arrangements.

motion for reconsideration. Accordingly, we decline to order Shavlik to supplement the record.

Because Shavlik fails to provide an adequate record to allow us to review any of her claims of error, we affirm the trial court's orders.

Díaz, J.

WE CONCUR:

Birk, J.

Brennan, J