# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| RODOLFO M. APOSTOL, | No. 58072-1-II |
| Appellant, | |
| v. | |
| WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES, | UNPUBLISHED OPINION |
| Respondent. | |

CRUSER, C.J. — Rodolfo Apostol suffered a workplace injury while breaking concrete with a sledgehammer in 2005. The Department of Labor and Industries closed Apostol's industrial injury claim in 2006. Apostol appealed and sought to reopen his claim. The Department's decision to close Apostol's claim was affirmed by an industrial appeals judge (IAJ) and later by the Board of Industrial Insurance Appeals (the Board). Apostol appealed to the superior court and his case was heard by a jury in 2023. Apostol now appeals from the jury's finding that each of the Board's determinations were correct. Apostol is appearing pro se and argues that the trial court erred in declining to give a number of his proposed jury instructions. However, Apostol did not provide the transcript from the 2023 trial. Because of the insufficient record, without knowing the trial court's reasoning and whether sufficient evidence supported it, and without knowing the objections made below, we are unable to reach the merits of Apostol's claims. Moreover, Apostol has failed to show that he was prejudiced by the jury instructions. Accordingly, we affirm.

FACTS

I. BACKGROUND

This worker's compensation appeal follows an industrial injury from August 2005, in which Apostol injured his wrist while working as a maintenance technician at the Ronald Wastewater District.[1] The injury occurred while Apostol was breaking concrete with a sledgehammer. Dr. David Kim treated Apostol for a stress fracture in his left wrist in January 2006.

In October 2006, the Department allowed Apostol's claim for his industrial injury and found that he was "entitled to receive medical treatment and other benefits." Sealed Administrative Record at 1155. In the same month, the Department closed the claim, finding that medical treatment was no longer necessary and no permanent partial disability existed.

Apostol applied to reopen his claim in February 2017, asking the Department to accept responsibility for his depression, posttraumatic stress disorder (PTSD), and neck sprain, among a variety of other new physical and psychological conditions. After his application to reopen his claim was denied, Apostol appealed the Department's decision to the Board in 2017. The Board reversed and remanded the claim to the Department for further consideration and investigation. The Department again ordered the claim to remain closed, after finding that the conditions caused by the industrial injury had not worsened after the final claim closure, based on the medical record. Apostol appealed again and the Board granted review in August 2018, sending the case to an IAJ.

---

[1] Separate from the industrial injury claim regarding his wrist fracture, Apostol filed a different worker's compensation claim in September 2005 regarding stress and anxiety caused by his employment. Apostol argues that his psychiatric conditions and symptoms were aggravated and proximately caused by the wrist fracture, meaning that the industrial injury caused permanent disability.

The first hearing in front of the IAJ was in January 2019. The purpose of this hearing was to address Apostol's argument that the closure of his claim never became final under RCW 51.32.160 because the closing order was not communicated to his treating provider at the time that the claim closed in 2006.[2] The case remained with the IAJ from January 2019 through June 2020. In March 2019, a hearing was held to address whether Apostol's condition that was proximately caused by his industrial injury objectively worsened between the closure of his claim in October 2006 and the Department's order affirming its denial of Apostol's application to reopen in July 2018. Five related hearings were held from April 2019 to March 2020, for the parties to present additional evidence and testimony.

In June 2020, the IAJ affirmed the Department's denial of Apostol's request to reopen the claim. The judge found that the conditions caused by Apostol's wrist injury had not worsened in the time between the closure of the claim in 2006 and the Department's decision in July 2018 for the claim to remain closed. Moreover, the judge found that the psychological symptoms that Apostol attributed to his wrist injury, including PTSD, depression, insomnia, and anxiety, among others, "were not the result of a natural progression of his initial injury or its residuals." *Id.* at 150. Apostol again appealed to the Board, which granted review but ultimately affirmed the Department's decision.

---

[2] While Apostol contends that his treating provider never received notice of the closure of his claim because Dr. Kenneth Mayeda (his primary care physician), never received it, notice of the Department's decision was sent to the orthopedic surgery unit at the Virginia Mason Medical Center (where Apostol was treated by Dr. Kim for his wrist condition).

## II. Jury Trial & Proposed Instructions

Apostol appealed to the superior court and his case went to trial in 2023. The jury agreed with the Board regarding every determination at issue in the case. The jury found that (1) the Board communicated the closure of Apostol's claim to his treating physician; (2) when the Department closed Apostol's claim in 2006, he "had no objective findings proximately caused by his industrial injury;" (3) the same was true in 2018 when the Department denied Apostol's application to reopen; (4) Apostol's other diagnoses and psychological symptoms were not "proximately caused or aggravated by his industrial injury," and; (5) Apostol's wrist injury did not objectively worsen between the closure of his claim and the Department's denial of his application to reopen his claim in 2018. Clerk's Papers (CP) at 504-05.

At issue in this appeal are a number of Apostol's proposed jury instructions which the trial court declined to give to the jury. The first instruction was about "lighting up of [a] pre-existing asymptomatic condition." *Id.* at 33. The proposed instruction stated that if the jury found that Apostol "had a mental condition that was not disabling or required treatment" prior to injuring his wrist, and that his injury caused his mental condition to "light[ ] up or [become] active," then Apostol would be eligible for benefits. *Id.*

The second instruction would have told the jury that definitive medical findings were unnecessary in order to find that his psychological condition worsened. This proposed instruction stated that the jury may consider lay testimony in evaluating Apostol's disability, and that medical testimony containing words and phrases such as " 'probably,' " " 'causally-related,' " " 'attributed to,' " and " 'likelihood,' " were "acceptable in lieu of aggravation or worsening of a condition from the statute." *Id.* at 64.

While Apostol's arguments and assignments of error lack clarity, it appears that he challenges the trial court's failure to give a third proposed jury instruction, stating that objective medical findings are unnecessary to establish psychological injuries. This proposed instruction read: "[a]n expert's opinion regarding a worker's claim for compensation for psychological injuries may be based solely on the worker's subjective complaints; objective medical findings need not be the basis for any portion of the expert's opinion." *Id.* at 62.

Apostol appeals the superior court's judgment. Apostol did not provide this court with a transcript of the trial. Although Apostol initially filed a statement of arrangements in this court indicating that he ordered a verbatim report of proceedings, he canceled his order six weeks later. In his reply brief Apostol states that the cost of producing the transcript was prohibitive. Apostol makes no mention of having attempted to procure either a narrative report of proceedings pursuant to RAP 9.3 or an agreed report of proceedings pursuant to RAP 9.4.

ANALYSIS

Apostol argues that the trial court erred in failing to give his proposed instructions outlined above because it prevented the jury from finding that his industrial injury proximately caused his psychiatric conditions, resulting in a permanent disability. Additionally, Apostol argues, the trial court erred in failing to apprise the jury that definitive and objective medical testimony is not necessary to establish existence, aggravation, and worsening of psychological conditions.[3]

---

[3] To the extent that Apostol argues that his industrial injury claim never became final because the Department sent notice of the claim closure to the clinic where Apostol was treated for his wrist injury rather than notifying his primary care physician, he does so in his reply brief. Because he does not clearly assign error or argument to this claim in his opening brief, we do not consider this issue. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

The Department responds that the record is inadequate to review Apostol's arguments regarding jury instructions. In the alternative, the Department argues that the trial court properly denied Apostol's proposed jury instruction regarding the lighting up of a pre-existing condition because the record lacked sufficient evidence to establish that he had a pre-existing condition. The Department also contends that because the court asked the jury "whether the worker had psychiatric conditions that were proximately caused by the injury," it was unnecessary to "instruct the jury that objective evidence is not needed to show a worsening of a psychiatric condition." Br. of Resp't at 22.

We agree with the Department and conclude that this court is unable to reach Apostol's claims regarding jury instructions with the inadequate record we have been provided on review. We further hold that Apostol fails to demonstrate that he was prejudiced by the trial court's failure to give his proposed jury instructions. Accordingly, we affirm.

A. Legal Principles

*1. Responsibility to Provide Record on Review*

It is the responsibility of the appellant in an appeal to provide the appellate court with an adequate record on review so that the appellate court can consider the appellant's assignments of error. RAP 9.2(b); *State v. Sisouvanh*, 175 Wn.2d 607, 619, 290 P.3d 942 (2012). There are several ways in which an appellant can provide this court with a record for review, including with a verbatim report of proceedings pursuant to RAP 9.2, a narrative report of proceedings pursuant to RAP 9.3, and an agreed report of proceedings pursuant to RAP 9.4. Furthermore, "[a] litigant appearing pro se is bound by the same rules of procedure and substantive law as his or her attorney

6

would have been had the litigant chosen to be represented by counsel." *Patterson v. Superintendent of Pub. Instruction*, 76 Wn. App. 666, 671, 887 P.2d 411 (1994).

*2. Review of Jury Instructions*

In industrial insurance cases, we review the superior court's decision, not the Board's order. RCW 51.52.140; *Dillon v. Dep't of Lab. & Indus.*, 186 Wn. App. 1, 6, 344 P.3d 1216 (2014). We review the superior court's decision in the same way we review other civil cases. RCW 51.52.140. We review the content of jury instructions de novo for legal accuracy. *Gerlach v. Cove Apartments*, LLC, 196 Wn.2d 111, 127, 471 P.3d 181 (2020); *Joyce v. Dep't of Corr.*, 155 Wn.2d 306, 323, 119 P.3d 825 (2005). On the other hand, we review the decision to give a particular instruction, if based on a matter of fact, for abuse of discretion. *Lake Hills Invs., LLC v. Rushforth Constr. Co., Inc.*, 198 Wn.2d 209, 215-16, 494 P.3d 410 (2021). "A court abuses its discretion when its decision is manifestly unreasonable, or exercised on untenable grounds or for untenable reasons." *Gildon v. Simon Prop. Grp., Inc.*, 158 Wn.2d 483, 494, 145 P.3d 1196 (2006). "An abuse of discretion is found if the trial court relies on unsupported facts, takes a view that no reasonable person would take, applies the wrong legal standard, or bases its ruling on an erroneous view of the law." *Id*.

An erroneous jury instruction is reversible if it prejudices a party. *Joyce*, 155 Wn.2d at 323. " 'Prejudice is presumed if the instruction contains a clear misstatement of law[. However,] prejudice must be demonstrated if the instruction is merely misleading." *Lake Hills Invs.*, 198 Wn.2d at 216 (alteration in original) (internal quotation marks omitted) (quoting *Paetsch v. Spokane Dermatology Clinic, PS*, 182 Wn.2d 842, 849, 348 P.3d 389 (2015)). When an instruction

misstates the law, the presumption of prejudice can be rebutted only by showing that the error was harmless. *Id*.

### 3. Sufficient Record

We may decline to address an issue because the appellate record is inadequate. *State v. Riley*, 121 Wn.2d 22, 31, 846 P.2d 1365 (1993). RAP 9.2 outlines the role of verbatim reports of proceedings in the appellate process. In relevant part, RAP 9.2 reads:

> (b) Content. A party should arrange for the transcription of all those portions of the verbatim report of proceedings necessary to present the issues raised on review. . . . If the party seeking review intends to urge that the court erred in giving or failing to give an instruction, the party should include in the record all of the instructions given, the relevant instructions proposed, the party's objections to the instructions given, and the court's ruling on the objections.

(Boldface omitted.)

The supreme court addressed the application of RAP 9.2(b) in *State v. Wade*, 138 Wn.2d 460, 465, 979 P.2d 850 (1999). The court explained that when a case that comes before the court of appeals is lacking an adequate record, the court may order supplementation of the record or decline to reach the issue. 138 Wn.2d at 465. "Although RAP 9.10 gives the appellate court the authority to order supplementation of the record, it plainly does not impose 'a mandatory obligation' to do so." *Id.* (quoting *Heilman v. Wentworth*, 18 Wn. App. 751, 754, 571 P.2d 963 (1977). "An appellate court may decline to address a claimed error when faced with a material omission in the record." *Id*.

An adequate record on review is necessary because an appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to *relevant parts of the record*." RAP 10.3(a)(6) (emphasis added); *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998). Additionally, "[p]assing treatment of an

issue or lack of reasoned argument is insufficient to merit judicial consideration." *Holland*, 90 Wn. App. at 538.

B. Application

The record is insufficient for this court to reach Apostol's arguments regarding jury instructions. First, without reviewing the transcripts from trial, this court is unable to answer whether Apostol took exception to the trial court's failure to give his proposed jury instructions or objected to any of the jury instructions that the trial court chose to give which could have negated the arguments advanced on appeal. RAP 9.2(b) requires that parties provide transcriptions of the record, in part, for this very purpose. In general, we decline to review errors that an appellant raises for the first time on appeal. *See* RAP 2.5. Counsel may not " 'remain silent at trial as to claimed errors and later, if the verdict is adverse, urge trial objections for the first time in a motion for new trial or appeal.' " *State v. Kendrick*, 47 Wn. App. 620, 636, 736 P.2d 1079 (1987), *aff'd*, 108 Wn.2d 515 (1987) (quoting *State v. Bebb*, 44 Wn. App. 803, 806, 723 P.2d 512 (1986)). Without the record, we are unable to confirm that Apostol preserved his arguments for appeal.

Second, in reviewing a trial court's decisions regarding jury instructions, we must look to the trial court's *reasoning* behind those decisions in order to determine whether the trial court erred. Jury instructions are proper if they adequately state the law, do not mislead the jury, and allow each party to argue its theory of the case. *Fergen v. Sestero*, 182 Wn.2d 794, 803, 346 P.3d 708 (2015). The decision of whether to give a specific jury instruction is within the discretion of the trial court, and as such, is reviewed for abuse of discretion. *Taylor v. Intuitive Surgical, Inc.*, 187 Wn.2d 743, 767, 389 P.3d 517 (2017). In determining whether to give a specific instruction, the trial court " 'must merely decide whether the record contains the kind of facts to which the

doctrine applies.' " *Id.* (quoting *Kappelman v. Lutz*, 167 Wn.2d 1, 6, 217 P.3d 286 (2009)). It follows that in order to review a trial court's decision on whether to give an instruction, we must look to the trial court's reasoning and to evaluate whether the trial court relied on substantial evidence from the record in making the decision. Apostol cannot show that the trial court erred in declining to adopt his proposed jury instructions without support from the trial record.

Additionally, Apostol fails to establish that the trial court abused its discretion or provided legally inaccurate instructions to the jury that resulted in prejudice to him. An error from a jury instruction is only "reversible where it prejudices a party." *Joyce*, 155 Wn.2d at 323. "An error is prejudicial if it affects the outcome of the trial." *Stiley v. Block*, 130 Wn.2d 486, 499, 925 P.2d 194 (1996).

While Apostol generally argues that the court's jury instructions prejudiced him and prevented him from arguing his case to the jury, his arguments lack clarity and are untethered from his assignments of error. For instance, Apostol takes issue with jury instruction 8, claiming that the instruction prejudiced him and prevented him from arguing his case to the jury because it included the Board's findings of fact. But Apostol did not assign error to the trial court's decision to give this jury instruction. "The appellant's brief is required to provide a 'separate concise statement of each error' alleged and this court 'will only review a claimed error which is included in an assignment of error.' " *Headworks Hand Crafted Ales, Inc. v. Wash. State Liquor & Cannabis Bd.*, 29 Wn. App. 2d 460, 467, 540 P.3d 863, *review denied*, No. 102773-7 (Wash. May 8, 2024) (quoting RAP 10.3(a)(4), 10.3(g)).

Moreover, instruction 8 simply informs the jury of the Board's findings of facts, and then explicitly states that "[b]y informing you of these findings the court does not intend to express any

opinion on the correctness or incorrectness of the Board's findings." CP at 496. Apostol does not claim, much less show, that the court abused its discretion by giving this instruction or that the instruction was not legally accurate. We generally will not review an issue that is unsupported by authority or persuasive argument. *State v. Johnson*, 119 Wn.2d 167, 171, 829 P.2d 1082 (1992).

Apostol makes additional arguments that are untethered from his assignments of error or the applicable standard of review, asking us to answer questions that are not at issue for review. For example, he asks us to determine whether his present condition qualifies as a total disability, whether he is eligible to receive time-loss benefits, and whether Dr. Mayeda falls under the category of "any person" as defined in RCW 51.32.160. Br. of Appellant at 35. Giving his assignments of error the most generous reading we can employ, they only address the court's decision not to give his proposed jury instructions, and the court's final judgment in which it affirmed the Board's decision.

CONCLUSION

We are unable to reach the merits of Apostol's assignments of error in the absence of an adequate record to review. Additionally, Apostol fails to establish that the trial court abused its discretion or provided legally inaccurate instructions to the jury that resulted in prejudice. As such, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, C.J.

We concur:

MAXA, J.

PRICE, J.